**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SARAH BUNTURA, | ) | Case No. 1:24-cv-1811 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| FORD MOTOR COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

This case is a refiling of an action Plaintiff brought against Ford Motor Company and Yale Background Screening Services now known as S2 Verify. *See Buntura v. Ford Motor Co.*, No. 1:24 cv-1313 (N.D. Ohio Oct. 9, 2024). In the prior action, Plaintiff alleged that Ford retracted an offer of employment after her background check revealed a prior conviction for operating a vehicle while impaired. Further, she alleged that Ford and Yale employees treated her unprofessionally after retraction of the offer. She asserted claims under Title VII, 42 U.S.C. § 2000e, Section 4112.02 of the Ohio Revised Code, the Fair Credit Reporting Act, and the Whistle Blowers Protection Act. She also included a State-law claim of promissory estoppel. On October 9, 2024, this Court dismissed that case.

Then, Plaintiff sought lead to file an amended complaint to add more information to try to avoid dismissal. The Court motion. Even with the additional allegations, the Court found that its analysis of these claims would not change, making the proposed amendment futile. *See Buntura*, No. 1:24-cv-1313, ECF No. 6,

PageID #44. Additionally, the Court held that a party could not file an amended complaint without first moving to alter, set aside, or vacate the judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Plaintiff failed to present a basis for relief under either Rule 59 or Rule 60.

Undeterred, Plaintiff filed this new action against the same Defendants or their successors, based on the same facts and asserting the same causes of action under Title VII, the Fair Credit Reporting Act, and the State-law claim of promissory estoppel. Also, she also added a new claim under the National Labor Relations Act, 29 U.S.C. § 157. Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2). The Court **GRANTS** that application.

## GOVERNING LEGAL STANDARD

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted when it lacks "plausibility in the cComplaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564

2

(2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

*Res judicata* bars this action. The term "*res judicata*" literally means "a matter [already] judged." Black's Law Dictionary (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another will not revisit them. *Id.* Therefore, the doctrine of *res judicata* precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). As relevant here, it bars relitigation of every issue actually brought before the Court and every issue or defense that

should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation, and conserves judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if based on the same the facts or incidents creating the right of action as the prior case and the evidence necessary to sustain each action are the same. *Id.*

The doctrine of *res judicata* consists of two separate preclusion concepts, issue preclusion and claim preclusion. *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997). Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim. *Id.*

Both issue preclusion and claim preclusion bar this action. Plaintiff raised her claims under Title VII and the Fair Credit Reporting Act as well as her Statelaw claim for promissory estoppel in the first case she filed against Ford and Yale. This Court addressed those claims on the merits and dismissed them. *Res judicata* bars her from asserting them for a second time in this action. Although Plaintiff did

not assert a claim under the National Labor Relations Act in the first action, *res judicata* bars her from asserting new claims to defeat a prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). Additionally, that claim could have been raised in the original action. It is also barred by *res judicata*.

## CONCLUSION

Accordingly, the Court **DISMISSES** this action pursuant to 28 U.S.C. §1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: November 29, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio