UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

**FILED**

DEC 1 3 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**SARAH BUNTURA,**

Plaintiff,

v.

**FORD MOTOR COMPANY, et al.,**

**Defendants.**

Case No. 1:24-cv-01811

Judge J. Philip Calabrese

## MOTION TO ALTER OR VACATE JUDGMENT PURSUANT TO RULE 59(e) OR RULE 60(b), AND ALTERNATIVE REQUEST FOR LEAVE TO AMEND

Plaintiff, Sarah Buntura, respectfully moves this Court to alter, amend, or vacate the judgment dismissing her case pursuant to Federal Rule of Civil Procedure 59(e) or, in the alternative, Rule 60(b). Plaintiff believes the Court made errors in its ruling, particularly by misapplying res judicata while simultaneously concluding that her claims were futile—two conclusions that directly conflict. The Court also overlooked critical supplemental evidence, including charges filed with the National Labor Relations Board (NLRB) and a letter from the NLRB investigator confirming that Ford Motor Company is under investigation for unfair labor practices.

This evidence, along with the clarified claims in Plaintiff's second complaint, demonstrates that her claims are both factually and legally valid, and therefore, reconsideration is necessary to prevent a miscarriage of justice.

## I. GROUNDS FOR RELIEF UNDER RULE 59(e) OR RULE 60(b)

### 1. Res Judicata and Futility Are Incompatible

The Court's decision to dismiss Plaintiff's claims on the basis of res judicata is inconsistent with its simultaneous determination that the claims were futile. These two positions cannot coexist:

Res judicata applies only if the claims were previously litigated and adjudicated on their merits, which means they cannot be deemed futile.

Futility assumes that the claims, even if fully litigated, could not succeed.

The Court cannot hold that Plaintiff's claims were both adjudicated on the merits and inherently incapable of success. This contradiction undermines the dismissal and constitutes a clear error that warrants correction.

### 2. Misapplication of Res Judicata

Res judicata applies only when three elements are satisfied (Knafel v. Pepsi-Cola Bottlers, Inc., 899 F.2d 1473, 1476 (6th Cir. 1990)):

1. A final judgment on the merits in the first case;

2. The same parties or those in privity in both cases; and

3. The same claims or causes of action in both cases.
In Plaintiff's case, none of these elements apply:

## 1. No Final Judgment on the Merits

The dismissal of Plaintiff's first case under 28 U.S.C. § 1915(e) was procedural, not substantive. As established in Costello v. United States, 365 U.S. 265 (1961), procedural dismissals do not constitute a final adjudication on the merits and cannot trigger res judicata.

## 2. Clarifications, Not New Claims

Plaintiff's second complaint did not raise new claims. Instead, it clarified and expanded upon the same factual allegations made in the first complaint. Supplemental evidence, including the NLRB charge and the investigator's letter, strengthened these existing claims rather than introducing distinct new causes of action (Wilkins v. Jakeway, 183 F.3d 528, 532 (6th Cir. 1999)).

## 3. Procedural Dismissal and Futility Are Mutually Exclusive

If the Court dismissed Plaintiff's claims as futile, it acknowledges they were not litigated on their merits. Thus, res judicata cannot apply to preclude those claims. This internal inconsistency in the Court's reasoning is a critical error requiring correction.

## 3. Supplemental Evidence Confirms Viability of Claims

Plaintiff filed supplemental evidence with her second complaint, which included:

A formal NLRB charge documenting Ford's unfair labor practices under 29 U.S.C. § 158(a)(1); and

A letter from the NLRB investigator, confirming that these allegations are under active investigation.

This evidence confirms that Plaintiff's NLRA claims are far from futile. The NLRB's acceptance of the charge and initiation of an investigation demonstrates that the claims are legally and factually credible. The Court's failure to consider this evidence constitutes a clear error under Rule 59(e) and undermines the legitimacy of the dismissal.

## 4. Manifest Injustice Resulting from Reliance-Based Harm

Ford's failure to notify Plaintiff that her conditional job offer was rescinded caused significant reliance-based harm. Plaintiff relied on the offer, notifying her employer that she had accepted a new position with Ford, which led to the immediate termination of her stable, five-year employment. Ford's failure to provide the required pre-adverse action notice under the Fair Credit Reporting Act (FCRA) left Plaintiff unemployed and blindsided. Ignoring this harm perpetuates a manifest injustice that warrants reconsideration.

## II. ALTERNATIVE REQUEST FOR LEAVE TO AMEND

Should the Court grant this motion to alter, amend, or vacate the judgment, Plaintiff respectfully requests leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a). Granting leave to amend would allow Plaintiff to:

Explicitly list the NLRA claims in the claims section;

Incorporate supplemental evidence, including the NLRB charge and investigator's letter, into the amended complaint; and

Clarify her allegations under the FCRA and NLRA to address any concerns raised by the Court. Amendment would ensure that Plaintiff's claims are resolved on their merits rather than dismissed on procedural grounds (Foman v. Davis, 371 U.S. 178 (1962))

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Alter, amend, or vacate its judgment dismissing Plaintiff's case pursuant to Rule 59(e) or Rule 60(b); and

2. If the judgment is altered or vacated, grant Plaintiff leave to amend her complaint.

Plaintiff is prepared to file an amended complaint promptly to address the Court's concerns and include all relevant evidence if leave is granted.

**Respectfully submitted,**

**Sarah Buntura**

**4390 Southwick Blvd.**

**Brunswick, OH 44212**

**sarahbuntura@gmail.com**