# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SARAH BUNTURA, | Case No. 1:24-cv-1811 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| FORD MOTOR COMPANY, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Sarah Buntura seeks reconsideration under Rule 59 and Rule 60 of the Court's Order dismissing her lawsuit on the ground of *res judicata* because it was a re-filing of a prior case she filed that the Court also dismissed. Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial

consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

Here, Plaintiff presents no new evidence or arguments that were not previously available to her—either in her refiling of this lawsuit or in her initial filing of her claims arising from her dispute with Defendants. The Court previously addressed those issues and arguments and will not do so yet again. But the Court notes that Ms. Buntura is not correct that futility is inconsistent with the previous grounds of dismissal. She misunderstands the legal standard for futility, which applies only to her attempt in her first lawsuit to seek amendment following dismissal. Then, the Court ruled that the new facts and claims she tried to plead would not change the result. That is futility. And futility so understand is not inconsistent with the lack of merit in her lawsuit resulting in its dismissal. To the contrary, it reinforces the lack of merit in her claims, which she nevertheless persists in attempting to pursue. Should she continue to do so, the Court warns her that she may be labelled a frivolous or vexatious litigator and have her right to file limited or restricted.

For these reasons, and those set out in the Court's previous Orders, the Court **DENIES** Plaintiff's motion for reconsideration.

**SO ORDERED.**

Dated: December 16, 2024

                                                                J. Philip Calabrese
                                                                United States District Judge
                                                                Northern District of Ohio