**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**FILED**

DEC 17 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**SARAH BUNTURA,**
*Plaintiff,*

v.

**FORD MOTOR COMPANY, et al.,**
*Defendants.*

Case No. 1:24-cv-01811
Judge J. Philip Calabrese

**PLAINTIFF'S MOTION TO RECONSIDER ORDER OF DISMISSAL DUE TO PROCEDURAL UNFAIRNESS, NEWLY PRESENTED EVIDENCE, AND SYSTEMIC VIOLATIONS WARRANTING JUDICIAL REVIEW**

**Plaintiff, Sarah Buntura,** respectfully requests that this Court **reconsider its Order denying Plaintiff's Motion to Vacate Judgment** pursuant to **Federal Rule of Civil Procedure 59(e)** or, alternatively, **Rule 60(b)**. The Court **ruled prematurely** before Plaintiff had the opportunity to present her Supplemental Memorandum, depriving her of procedural fairness and the ability to clarify arguments and present evidence. This procedural issue, coupled with systemic and factual evidence, **necessitates reconsideration to avoid manifest injustice.**

**I. Procedural Unfairness: Premature Ruling Prevented Full Consideration**

On **December 16, 2024**, the Court ruled on Plaintiff's Motion to Vacate **before Plaintiff had the opportunity to file her Supplemental Memorandum**, despite clear notice to the Clerk's Office. The timeline is as follows:

1. **Friday, December 13, 2024**:
   Plaintiff filed her Motion to Vacate Judgment. The motion was **not docketed until after 3:00 PM**, as confirmed by the Clerk.
2. **Monday, December 16, 2024, 5:56 AM**:
   Plaintiff **emailed the Clerk's Office** to inform them she would be filing a Supplemental Memorandum later that day to clarify arguments and provide supporting evidence.
3. **December 16, 2024 (Morning)**:
   **Before Plaintiff could file**, the Court issued its ruling denying the Motion to Vacate.

This procedural oversight **deprived Plaintiff of the opportunity to fully present her arguments and clarifications**, violating the fairness owed to pro se litigants under *Haines v. Kerner*, 404 U.S. 519 (1972) and *Erickson v. Pardus*, 551 U.S. 89 (2007). A premature ruling **foreclosing Plaintiff's claims creates manifest injustice** by preventing key evidence and arguments from being considered.

### II. Mischaracterization of the NLRA Claim

The Court erred in stating that Plaintiff's **National Labor Relations Act (NLRA)** claim was a **"new" claim**. This is not correct. Plaintiff's original complaint contained the factual basis for her NLRA claim, specifically:

1. Plaintiff filed a **formal NLRB charge**;
2. Plaintiff engaged in **meetings with NLRB attorneys** regarding unfair labor practices; and
3. Plaintiff alleged **retaliation under 29 U.S.C. § 158(a)(1)**.

While these facts were included in the narrative portion of the first complaint rather than labeled as a formal claim, the Court is obligated to **liberally construe pro se complaints** based on their factual substance (*Haines v. Kerner*, 404 U.S. 519 (1972)).

Moreover, the ongoing **NLRB investigation** into Ford's practices **demonstrates the merit of Plaintiff's claim** and disproves any assertion of futility. **Dismissing this claim without full consideration is unjust**.

### III. Systemic Evidence: DEI Policy Changes and HR Director's Departure

1. **Ford's Nationwide DEI Policy Announcement:**
   In **August 2024**, Ford CEO Jim Farley issued a nationwide announcement **ending participation in diversity surveys and quotas**. This announcement raises concerns about Ford's prior and ongoing hiring practices.
2. **HR Director's Departure**:
   Within weeks of the DEI announcement, the HR Director responsible for Plaintiff's hiring process and complaint **departed the company**. This occurred **within months** of Plaintiff's formal complaint to Ford.

The close timing between Plaintiff's complaint, the nationwide DEI announcement, and the HR

Director's departure suggests **internal acknowledgment of systemic failures**. These events are not coincidental but **indicative of larger issues that warrant judicial investigation**

**IV. Ford's FCRA Violation Resulted in Manifest Injustice**

Ford violated the **Fair Credit Reporting Act (FCRA)**, 15 U.S.C. § 1681b(b)(3), by failing to provide Plaintiff with a **pre-adverse action notice** before rescinding her job offer. This failure had **irreversible consequences**:

1. **Ford's Failure to Provide Notice**:
    Ford failed to give Plaintiff the required **pre-adverse action notice** or a copy of her background report, denying her the opportunity to respond to inaccuracies. 2.
**Resulting Harm**:
    Relying on Ford's silence as confirmation, Plaintiff informed her long-time employer of her acceptance, **resulting in the loss of her stable, five-year employment**. 3. **Legal Basis: Goode v. LexisNexis**:
    In *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 848 F. Supp. 2d 532, 537-38 (E.D. Pa. 2012), the court held that **failure to provide pre-adverse action notice violates the FCRA.**
4. **Systemic Noncompliance**:
    Limited discovery into Ford's **pre-adverse and adverse action notices** over the past three years is essential to determine:
       o Whether Ford **routinely complies with FCRA requirements**; or
       o Whether Plaintiff was subjected to **disparate treatment**.

This is not an isolated incident but a potential **system-wide violation requiring judicial scrutiny**.

**V. Discovery Is Necessary to Uncover the Truth**

To substantiate Plaintiff's claims and address procedural and factual issues, Plaintiff respectfully requests **limited discovery** into the following:

1. **Emails between Ford's HR Director and the individual who signed Plaintiff's offer letter and later retracted the job offer**:
    o These communications are critical to establish the **timing and reasons** behind the retraction of Plaintiff's job offer. Specifically, records will show that Ford **retracted the job offer on June 25th**, which occurred **after the union investigation began**. This evidence demonstrates retaliation and directly supports Plaintiff's **NLRA claim**.
2. **Emails and communications between Ford and S2Verify regarding Plaintiff's background check and the decision to retract her job offer**:

- These communications are essential to confirm that **S2Verify did not provide any findings to Ford until after June 25th**, proving that the job offer was not retracted due to the background report but instead in response to the **union-related investigation**. This directly undermines Ford's stated justification for rescinding the offer.
3. **Ford's pre-adverse and adverse action notices issued within the past three years**:
   - Reviewing these notices will help determine whether Ford complies with **Fair Credit Reporting Act (FCRA) requirements** or if Plaintiff was subjected to **disparate treatment** compared to other applicants. This is critical to identifying whether Ford's failure to provide the required **pre-adverse action notice** was an isolated incident or part of a broader pattern of noncompliance.
4. **Communications between Ford and S2Verify regarding Plaintiff's rescission of the job offer**:
   - These records are needed to clarify whether the job offer was rescinded **independently** or in reaction to the **union investigation**. This evidence is crucial to demonstrating Ford's **retaliatory motives** and systemic failures in handling Plaintiff's hiring process.

The requested discovery is **narrowly tailored** and necessary to uncover facts that will substantiate Plaintiff's claims. Specifically, it will establish that Ford's retraction of the job offer was **retaliatory**, occurred after the union investigation began, and was not caused by the background check. Additionally, it will highlight Ford's potential violations of FCRA, further supporting Plaintiff's claims and exposing any broader compliance failures.

### VI. Plaintiff's Filings Are Made in Good Faith and Are Not Vexatious

The Court's suggestion that Plaintiff may be deemed a **vexatious filer** is both **unwarranted and unsupported by the record**. Plaintiff's filings represent a **good-faith effort** to address procedural unfairness and pursue legitimate claims rooted in **substantial facts and evidence**. A vexatious filer designation is reserved for litigants who repeatedly abuse the judicial system with **frivolous or harassing filings**. In *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988), the court held that such restrictions must be **carefully evaluated and justified** by clear evidence of abuse.
Plaintiff's motions and clarifications raise **legitimate concerns** regarding:

1. Procedural inconsistencies, such as the **premature ruling** that prevented Plaintiff from filing a **Supplemental Memorandum**; and
2. Systemic evidence supporting her claims, including Ford's **FCRA violations**,

mischaracterization of Plaintiff's **NLRA claim**, and Ford's **systemic failures**, as indicated by the timing of the HR Director's departure.

Courts are obligated to **liberally construe pro se filings** to ensure **access to justice and fair treatment**, as established in *Haines v. Kerner*, 404 U.S. 519 (1972), and *Erickson v. Pardus*, 551 U.S. 89 (2007). Plaintiff's filings are focused on addressing these **critical concerns**, not to harass or burden the Court.

In *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999), the court emphasized that **a pro se litigant's filings must be evaluated with leniency,** and caution must be exercised before imposing **sanctions or restrictions**. Here, Plaintiff has sought to:

- **Clarify legitimate claims**;
- **Address procedural concerns**; and
- Ensure that **systemic evidence** is fairly considered.

These filings do not meet the threshold for abuse or frivolous litigation.

Plaintiff respectfully requests that the Court **recognize her filings as good-faith efforts** to pursue justice, not as vexatious or repetitive attempts to delay proceedings. The Court's responsibility is to **fairly assess the merits** of Plaintiff's claims and ensure that valid grievances are not prematurely foreclosed.

## VI. Relief Requested

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **Reconsider its Order denying Plaintiff's Motion to Vacate Judgment. 2. Allow Plaintiff's claims to proceed** and authorize limited discovery into the evidence outlined above.
3. Grant Plaintiff **leave to amend her complaint** to incorporate clarified claims and evidence.
4. Provide any other relief the Court deems **just and proper**.

**Respectfully submitted,**

**Sarah Buntura**
4390 Southwick Blvd.
Brunswick, OH 44212
sarahbuntura@gmail.com



UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 08
1240 E 9TH ST
STE 1695
CLEVELAND, OH 44199-2086

Agency Website: www.nlrb.gov
Telephone: (216)522-3715
Fax: (216)522-2418
Agent's Direct Dial: (216)303-7392

July 10, 2024

Sarah Buntura
4390 Southwick Blvd.
Brunswick, OH 44212
sarahbuntura@gmail.com

        Re: Ford Motor Company

          Inquiry 1-3506621684

Dear Ms. Buntura:

  Pursuant to our conversation, enclosed is a Charge Against Employer form. Also enclosed is a fact sheet describing important information about protections for charging parties and witnesses during an NLRB investigation, including safeguards for immigrant workers. If you wish to file this charge with us, please do the following:

- ✓ Make any necessary corrections on the form
- ✓ Fill in any incomplete spaces
- ✓ Sign and date the form where indicated at the bottom
- ✓ Return the form to the above address or fax number

  You may also wish to keep a copy of the charge for yourself. Once we receive a signed charge from you, we will give it a case number and assign a Board agent to investigate the case. We will then send you a letter telling you the case number and the name of the investigator.

  Please remember that to be timely, your charge must be filed ***and served on the charged party*** within six months of the alleged unlawful actions. We normally send a copy of the charge to the charged party, but if you are running close to the 6-month deadline, be advised that it is your responsibility to see that the Employer receives a copy of the charge within the 6-month period. Feel free to contact me if you have any questions or need further assistance. If I am not in, please ask to speak to the Information Officer.

  All documents submitted to the Region regarding your case MUST be filed through the Agency's website, www.nlrb.gov. This includes all formal pleadings, briefs, as well as affidavits,

documentary evidence, and position statements. The Agency requests all evidence submitted electronically to be in the form it is normally used and maintained in the course of business (i.e., native format). Where evidence submitted electronically is not in native format, it should be submitted in a manner that retains the essential functionality of the native format (i.e., in a machine-readable and searchable electronic format).

If you have questions about the submission of evidence or expect to deliver a large quantity of electronic records, please promptly contact the Board agent investigating the charge. If you cannot e-file your documents, you must provide a statement explaining why you do not have access to the means for filing electronically or why filing electronically would impose an undue burden.

Very truly yours,

/s/ Kelly Freeman

Kely Freeman
Field Attorney

Enclosure

1. Important Information About NLRB Investigations for Immigrant Workers



UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 08
1240 E 9TH ST
STE 1695
CLEVELAND, OH 44199-2086

Agency Website: www.nlrb.gov
Telephone: (216)522-3715
Fax: (216)522-2418



Download
NLRB
Mobile App

July 12, 2024

Sarah Buntura
4390 Southwick Blvd.
Brunswick, OH 44212
sarahbuntura@gmail.com

        Re: Ford Motor Company
           Case 08-CA-346075

Dear Ms. Buntura:

  The charge that you filed in this case on July 10, 2024 has been docketed as case number 08-CA-346075. This letter tells you how to contact the Board agent who will be investigating the charge, explains your right to be represented, discusses presenting your evidence, and provides a brief explanation of our procedures, including how to submit documents to the NLRB.

  **Investigator:** This charge is being investigated by Regional Attorney Gregory Gleine whose telephone number is (216)303-7365. The mailing address is 1240 E 9TH ST, STE 1695, CLEVELAND, OH 44199-2086. If the agent is not available, you may contact Assistant to the Regional Director Nora McGinley whose telephone number is (216)303-7370.

  **Right to Representation:** You have the right to be represented by an attorney or other representative in any proceeding before us. If you choose to be represented, your representative must notify us in writing of this fact as soon as possible by completing *Form NLRB-4701, Notice of Appearance*. This form is available on our website, www.nlrb.gov, or from an NLRB office upon your request.

  If you are contacted by someone about representing you in this case, please be assured that no organization or person seeking your business has any "inside knowledge" or favored relationship with the National Labor Relations Board. Their knowledge regarding this proceeding was only obtained through access to information that must be made available to any member of the public under the Freedom of Information Act.

  **Presentation of Your Evidence:** As the party who filed the charge in this case, it is your responsibility to meet with the Board agent to provide a sworn affidavit, or provide other witnesses to provide sworn affidavits, and to provide relevant documents within your possession. Because we seek to resolve labor disputes promptly, you should be ready to promptly present your affidavit(s) and other evidence. If you have not yet scheduled a date and time for the Board agent to take your affidavit, please contact the Board agent to schedule the affidavit(s). If you fail to

cooperate in promptly presenting your evidence, your charge may be dismissed without investigation.

**Preservation of all Potential Evidence:** Please be mindful of your obligation to preserve all relevant documents and electronically stored information (ESI) in this case, and to take all steps necessary to avoid the inadvertent loss of information in your possession, custody or control. Relevant information includes, but is not limited to, paper documents and all ESI (e.g. SMS text messages, electronic documents, emails, and any data created by proprietary software tools) related to the above-captioned case.

**Prohibition on Recording Affidavit Interviews:** It is the policy of the General Counsel to prohibit affiants from recording the interview conducted by Board agents when subscribing Agency affidavits. Such recordings may impede the Agency's ability to safeguard the confidentiality of the affidavit itself, protect the privacy of the affiant and potentially compromise the integrity of the Region's investigation.

**Correspondence:** All documents submitted to the Region regarding your case MUST be filed through the Agency's website, www.nlrb.gov. This includes all formal pleadings, briefs, as well as affidavits, documentary evidence, and position statements. The Agency requests all evidence submitted electronically to be in the form it is normally used and maintained in the course of business (i.e., native format). Where evidence submitted electronically is not in native format, it should be submitted in a manner that retains the essential functionality of the native format (i.e., in a machine-readable and searchable electronic format).

If you have questions about the submission of evidence or expect to deliver a large quantity of electronic records, please promptly contact the Board agent investigating the charge. If you cannot e-file your documents, you must provide a statement explaining why you do not have access to the means for filing electronically or why filing electronically would impose an undue burden.

In addition, this Region will be issuing case-related correspondence and documents, including complaints, compliance specifications, dismissal letters, deferral letters, and withdrawal letters, electronically to the email address you provide. Please ensure that you receive important case-related correspondence, please ensure that the Board Agent assigned to your case has your preferred email address. These steps will ensure that you receive correspondence faster and at a significantly lower cost to the taxpayer. If there is some reason you are unable to receive correspondence via email, please contact the agent assigned to your case to discuss the circumstances that prevent you from using email.

**Controlled Unclassified Information (CUI):** This National Labor Relations Board (NLRB) proceeding may contain Controlled Unclassified Information (CUI). Subsequent information in this proceeding may also constitute CUI. National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

\* \* \*

Information about the Agency, the procedures we follow in unfair labor practice cases and our customer service standards is available on our website, www.nlrb.gov or from an NLRB office upon your request. *NLRB Form 4541, Investigative Procedures* offers information that is helpful to parties involved in an investigation of an unfair labor practice charge.

We can provide assistance for persons with limited English proficiency or disability. Please let us know if you or any of your witnesses would like such assistance.

Very truly yours,

/s/ Iva Y. Choe

IVA Y. CHOE
Regional Director

Enclosures
1. Important Information About NLRB Investigations for Immigrant Workers (English & Spanish)